**FILED: 11/6/13**

JS - 6

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Frank W. Boyce,<br><br>      Debtor.<br>_____<br><br>Frank W. Boyce,<br><br>      Appellant,<br><br>  v.<br><br>Wells Fargo Bank, N.A.,<br><br>      Appellee.<br>_____ | CASE NOS. CV 12-1882-GHK,<br><br>CV 12-2139-GHK<br><br>MEMORANDUM |

     This matter is before us on Appellant Frank W. Boyce's appeals from the bankruptcy court's (1) "Order Overruling Debtor's Objection to POC No. 5 and Motion to Disallow Claim No. 5" (CV 12-2139), and (2) "Order Granting Motion for Relief from the Automatic Stay" (CV 12-1882). We have jurisdiction pursuant to 28 U.S.C. § 158(a). We have considered the briefing filed in support of and in opposition to these Appeals, and deem these matters appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary.

# I. BACKGROUND

On December 5, 2006, Appellant Frank W. Boyce ("Boyce") and his wife executed a note and deed of trust in the amount of $1,155,000, secured by an interest in real property located at 3500 La Entrada Road, Santa Barbara, California ("Property"). The Note was originally payable to Pacific Mortgage Group ("Pacific"). The Note stated, "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" As such, on the same day the Note was executed, Pacific Mortgage endorsed the Note without recourse, via an allonge ("Allonge 1"), to Option One Mortgage Corporation. (Appellee's Appx. ("AA") 87). On December 12, 2006, via a second allonge ("Allonge 2"), Option One Corporation endorsed the Note in blank. (AA 88). Appellee Wells Fargo Bank, N.A. ("Wells Fargo") is in possession of the original, "blue ink" Note and both original, "blue ink" allonges.

Pacific was also the lender and original beneficiary of the Deed of Trust. Pacific subsequently assigned the Deed of Trust to Option One Mortgage Corporation ("Option One"). (AA 111-12). On December 10, 2010, the Deed of Trust was assigned for a second time by Sand Canyon Corporation ("Sand Canyon"), formerly known as Option One, to Wells Fargo. (AA 113-14). This second assignment was recorded on January 10, 2011. (*Id.*)

On December 14, 2010, a Notice of Default on the Property was recorded, which stated that Boyce and his wife were in default for the amount of $32,508.04. On April 4, 2011, Boyce filed a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Boyce's bankruptcy schedules valued the Property at $630,000 and identified the amount owed on the Note as $1,182,166.69. (AA 115-16).

On May 2, 2011, Wells Fargo filed the Proof of Claim at issue in these appeals, based upon the Note and Deed of Trust. (AA 27-65). On July 27, 2011, Wells Fargo filed the Motion for Relief from the Automatic Stay ("Motion for Relief"), requesting that the bankruptcy court lift the automatic stay as to the Property. (AA 66-116). On

August 10 and August 11, 2011, respectively, Boyce filed an "Objection and Motion to Disallow Wells Fargo's Proof of Claim" (AA 117-51), and an "Opposition to the Motion for Relief" (AA 152-86).

The bankruptcy court held two hearings on the Proof of Claim and Motion for Relief. At the second hearing, the bankruptcy court inspected the original, "blue ink" Note and the two allonges, and rejected Boyce's argument that the two allonges were not "affixed" to the Note. The bankruptcy court found that "the note has two allonges affixed to it," and that "[i]t came to counsel's office as an affixed document, all in one file, hole punched and clamped at the top." (AA 289-90, 306). Additionally, the court found that there was a "chain of control and title of the note, starting with the original payee, and then it was endorsed over to Option One, and then it was endorsed in blank, and is in the possession of counsel for Wells Fargo." (AA 290). The court also rejected Boyce's arguments that the Assignment of the Deed of Trust was invalid, finding "the deed of trust was assigned by Option One, to Wells Fargo Bank." (*Id.*) Accordingly, the court concluded that Wells Fargo is "a party entitled to enforce the note." (*Id.*)

Based upon its findings of fact and conclusions of law at the hearings, on January 3, 2012, the bankruptcy court granted Wells Fargo's Motion for Relief (AA 239-42), and on January 4, 2012, denied Boyce's Objection and Motion to Disallow POC No. 5 (AA 243-47). On January 9, 2012, Appellant timely filed notices of appeal from the bankruptcy court's order granting Wells Fargo relief from the automatic stay and from the bankruptcy court's order overruling his objections to Well Fargo's proof of claim.

Following the bankruptcy court's orders, Boyce failed to obtain a stay, and the Property was sold to Wells Fargo at a trustee's sale on February 6, 2012. (Appellee's Judicial Notice Req. Ex. A).[1] On February 2, 2012, Wells Fargo filed an unlawful

---

[1] Wells Fargo requests that we take judicial notice of two exhibits, the Trustee's Deed Upon Sale (Exhibit A) and Sheriff's Return on Writ of Possession (Exhibit B). Because such public records are generally appropriate subjects for judicial notice, and Appellant does not object to the request, Wells Fargo's Request

1  detainer action against Boyce, and obtained summary judgment on June 19, 2012,
2  awarding it possession of the Property. (*Id.*)  Boyce was thereafter evicted from the
3  property.  (Appellee's Judicial Notice Req. Ex. B).  On March 5, 2013, the Appellate
4  Department of the Santa Barbara Superior Court affirmed the superior court's judgment
5  in favor of Wells Fargo.

## II.  DISCUSSION

### A.  Equitable Mootness

Wells Fargo argues that we should not reach the merits of Boyce's appeals because they are barred by the equitable mootness rule.  "Equitable mootness occurs when a 'comprehensive change of circumstances' has occurred so 'as to render it inequitable for this court to consider the merits'" of a bankruptcy appeal.  *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (quoting *In re Roberts Farms*, 652 F.2d 793, 798 (9th Cir. 1981).  The party seeking dismissal on mootness grounds bears the burden of establishing mootness.  *Thorpe*, 677 F.3d at 880.  In determining whether the equitable mootness rule applies, courts first consider "whether a stay was sought."  *Id.* at 881.  If a stay was sought but not obtained, courts then consider, "(1) whether substantial consummation of the plan has occurred," (2) "the effect on third parties not before the court," and (3) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan."  *Id.*

"[W]hen an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets," whether the "order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates" that the appeal is moot.  *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988).  In the context of foreclosure sales, the mootness rule is justified as assuring the finality of bankruptcy judgments, and applies regardless of whether a purchaser has taken irreversible steps following the sale or

---

for Judicial Notice is **GRANTED**.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001).

4

whether the purchaser is a party to the appeal. *Id.* at 1172; *Allgeran, Inc. v. Advance Ross Corp.*, 79 F.2d 1421, 1423 (9th Cir. 1985) ("[W]e note that the fact that the purchaser is a party to this appeal does not change the applicability of the mootness rule.").

There are a few exceptions to the equitable mootness rule. First, an appeal is not moot where real property is sold to a creditor who is a party to the appeal *and* the property is either subject to a statutory right of redemption or another state law would permit the sale to be set aside. *In re Mann*, 907 F.2d 923, 926 (9th Cir. 1990) (holding that appeal was moot "[b]ecause there [was] no basis for setting aside the foreclosure sale"); *Onouli*, 846 F.2d at 1173. Second, an appeal is not moot where the purchaser bought the asset in bad faith, *id.* at 1173; *In re Vista Del Mar Assocs., Inc.*, 181 B.R. 422, 425 (B.A.P. 9th Cir. 1995), which is shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders," *In re M Capital Corp.*, 290 B.R. 743, 746 (9th Cir. B.A.P. 2003) (internal citation and quotations omitted).

Here, it is undisputed that Boyce failed to obtain a stay of the bankruptcy court's orders and that the Property was subsequently sold to Wells Fargo in a non-judicial trustee sale. Thus, the equitable mootness rule will moot Boyce's appeals unless one of the exceptions applies. The first exception does not apply because, under California law, there is no statutory post-sale redemption right where a property is sold, as it was here, in a non-judicial trustee sale. Indeed, Boyce does not even argue that there is any state law that would otherwise permit the sale to be set aside. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1236 (1995) ("In a nonjudicial foreclosure . . . the debtor has no postsale right to redemption."). Likewise, the second exception does not save Boyce's appeals because Boyce does not make any colorable argument that Wells Fargo purchased the Property in bad faith. Nor is there any evidence that Wells Fargo acted in bad faith in obtaining the Property at the trustee sale. Therefore, neither exception to the equitable mootness doctrine applies. In these appeals, Boyce cannot be granted effective relief because he failed to obtain a stay of the bankruptcy court's orders, and the Property

proceeded to be sold at the trustee sale. Accordingly, Boyce's appeals are **DISMISSED** as moot. Further, even if we were to reach the merits of Boyce's appeals, we would **AFFIRM** the bankruptcy court's orders for the following reasons.

### B. Proof of Claim

#### 1. Standard of Review

"An order overruling a claim objection can raise legal issues (such as the proper construction of statutes and rules) which we review de novo, as well as factual issues (such as whether the facts establish compliance with particular statutes or rules), which we review for clear error." *In re Veal*, 450 B.R. 897, 918 (B.A.P. 9th Cir. 2011). We review evidentiary rulings of the bankruptcy court for abuse of discretion, and we may only reverse if the error was prejudicial. *Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004).

#### 2. Analysis

In overruling Boyce's objection to and motion to disallow Wells Fargo's Proof of Claim, the bankruptcy court concluded that Wells Fargo demonstrated it had standing, and thus was a "party entitled to enforce the note," based in part upon its determination that: (1) Allonges 1 and 2 were "affixed" to the Note, thus establishing "chain of title" to Wells Fargo; and (2) the Deed of Trust was assigned to Wells Fargo. In Boyce's Proof of Claim appeal he argues that the bankruptcy court erred in overruling his objection and motion to disallow because: (1) Allonges 1 and 2 were not "affixed" to the Note within the meaning of California Commercial Code § 3204; and (2) Sand Canyon's assignment of the Deed of Trust to Wells Fargo was invalid, given that in a March 2009 declaration in an unrelated bankruptcy matter filed in the Eastern District of Louisiana, the President of Sand Canyon allegedly admitted that Sand Canyon no longer owned any interest in real estate mortgages as of April 30, 2008. (Appellant's Ex. H).

California Commercial Code § 3204(a) provides, in relevant part, that an "'[i]ndorsement' means a signature . . . made on an instrument," and that, "[f]or purposes of determining whether a signature is made on an instrument, a paper affixed to the

1  instrument is a part of the instrument."  The bankruptcy court examined the mortgage
2  documents, determined that they were original "blue ink" documents, and found that they
3  "came to counsel's office as an affixed document all in one file, hold punched and
4  clamped at the top." (AA 288-90).  There is no factual dispute here; Boyce
5  acknowledges that the documents were bound together by an Acco-fastener. Boyce's own
6  attorney's declaration states that the "allonges were bound and lumped in one manila
7  folder by a common filing fastener" together with the Note, Deed of Trust, assignment of
8  the Deed of Trust, and other related mortgage documents.  (Reyes Decl., AA 237).

9       Boyce's contention is that binding the documents together with an Acco-fastener,
10 rather than staples, glue, or tape, is insufficient to "affix" the Allonges to the Note under
11 § 3204(a).  This argument is without merit.  In determining whether allonges are
12 "affixed" to a note, courts look to whether the allonges are "stapled or *otherwise* attached
13 to the note." *Multibank 2009-1 RES-ADC Venture, LLC v. San Diego Cmty. Housing*
14 *Corp.*, 2011 WL 1044612, at *3 (S.D. Cal. Mar. 21, 2011) (emphasis added).  Boyce
15 cites no case law to support the dubious proposition that an Acco-fastener would not fit
16 within this definition.  Rather, in all of the cases he relies on, the endorsements and notes
17 were just free floating documents.  *See Adams v. Madison Realty & Dev., Inc.*, 853 F.2d
18 163, 166 (3d Cir. 1998) (concluding notes had not been properly negotiated because
19 endorsements "were not physically attached to the instruments in any way"); *In re*
20 *Weisband*, 427 B.R. 13, 18-20 (Bankr. D. Ariz. 2010) (holding purported creditor lacked
21 standing as holder of note because there was no evidence the endorsement was "stapled
22 or otherwise attached" to the note).  Accordingly, we find no error in the bankruptcy
23 court's legal conclusion that the Allonges were "affixed" to the Note.

24      Boyce's second argument is that the bankruptcy court erred in refusing to take
25 judicial notice of the declaration in the unrelated Eastern District of Louisiana bankruptcy
26 matter, which allegedly established that Sand Canyon's assignment of the Deed of Trust
27 to Wells Fargo was invalid.  This argument is equally without merit.  Under Federal Rule
28 of Evidence 201, a court may take judicial notice of a fact "that is not subject to

reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In denying Boyce's request for judicial notice, the bankruptcy court reasoned, "I'm not taking judicial notice of some third party's declaration in some bankruptcy case in Louisiana. No. There's no inherent credibility in that declaration." (AA 265). This evidentiary ruling is consistent with Rule 201. "While the fact that [a] declaration is on file . . . is the subject of judicial notice, the content of the declaration is not." *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1129 n.3 (C.D. Cal. 2005). The content is neither "generally known" within the court's territorial jurisdiction, nor can it be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; Fed. R. Evid. 201(b). Thus, the bankruptcy court did not abuse its discretion in denying Boyce's request for judicial notice.

In sum, the bankruptcy court did not err in concluding that the Allonges were "affixed" to the Note, or abuse its discretion in denying Boyce's request for judicial notice. Accordingly, we would **AFFIRM** the bankruptcy court's order overruling Boyce's objection to and motion to disallow the Proof of Claim.

**C. Motion for Relief**

**1. Standard of Review**

"The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court, and we review such decision under the abuse of discretion standard." *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). "The abuse of discretion test involves two distinct determinations: (1) whether the court applied the correct legal standard, which we review de novo, and (2) whether the factual findings supporting the legal analysis were clearly erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc). Factual findings are clearly erroneous if they are "illogical, implausible, or without support in inferences that may be drawn from the record." *Id.* at 1263.

### 2. Analysis

In Boyce's appeal of the bankruptcy court's order granting Wells Fargo's Motion for Relief, he first raises the same two standing arguments he made in his Proof of Claim appeal: (1) that the Allonges were not "affixed" to the Note, and (2) the assignment of the Deed of Trust to Wells Fargo was invalid. For the same reasons we rejected these arguments in the Proof of Claim appeal, they are rejected here as well.

Second, Boyce argues that the bankruptcy court erred in granting Wells Fargo's Motion for Relief because there was equity in the Property, and the Property was necessary for an effective reorganization. Motions for relief are governed by 11 U.S.C. § 362(d), which provides in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization.

Boyce's argument that the bankruptcy court erred in granting such relief is without merit. First, Boyce never raised this argument before the bankruptcy court in either his brief or at either of the two hearings on the Motion for Relief. *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985) ("As a general rule, we will not consider an issue raised for the first time on appeal."). Second, even if we were to consider the argument as properly before us, we would affirm the bankruptcy court's decision because Boyce offers no evidence to support his argument. Boyce's entire argument consists of one conclusory statement that

1  "there was equity in the subject real property and that said property was necessary to an
2  effective reorganization of his assets."  This is woefully insufficient to support a
3  conclusion that the bankruptcy court abused its discretion in granting the Motion for
4  Relief, given that Boyce's own bankruptcy schedules demonstrate negative equity in the
5  Property in the amount of $552,166.69.  (AA 115-16).  Accordingly, the bankruptcy
6  court did not abuse its discretion, and we would **AFFIRM** its order granting Wells
7  Fargo's Motion for Relief.

### III.  CONCLUSION

For the foregoing reasons, Boyce's appeals are **DISMISSED** as equitably moot. Moreover, even if the equitable mootness doctrine did not apply, we would **AFFIRM** the bankruptcy court's orders.

**IT IS SO ORDERED.**

DATED:  November 6, 2013

_____
GEORGE H. KING
Chief United States District Judge